## CIRCUIT COURT OF SPOTSYLVANIA COUNTY

Ely Patrick Grimes

v.

Commonwealth of Virginia

August 11, 1998

Case No. CL98-343

BY JUDGE WILLIAM H. LEDBETTER, JR.

The court heard evidence and arguments on Mr. Grimes' petition for restoration of his operator's license on August 10, 1998, and took the case under advisement.

Mr. Grimes was determined by DMV to be an habitual offender on September 17, 1996, based on predicate offenses of driving while his license was suspended or revoked. The evidence shows that the predicate convictions (Spotsylvania County General District Court on August 29, 1996; Stafford County General District Court on June 20, 1996; and Page County General District Court on April 18, 1996) resulted from failure to pay fines and costs. Mr. Grimes presented evidence that all fines and costs have been paid, so that his license should be restored pursuant to Virginia Code § 46.2-361(B).

DMV argues that Mr. Grimes is not entitled to restoration because, at the time of all three predicate convictions, he was also under suspension for another reason. That suspension, DMV says, was for failing to answer a citation in Arkansas.

When a person has been adjudged an habitual offender based solely upon convictions of driving on a suspended license for failure to pay fines and costs, he may petition the court at any time for restoration of this license upon proof that all outstanding fines and costs have been paid. In other words, there is no mandatory waiting period as in other habitual offender cases. Virginia Code § 46.2-361(B).

DMV is correct when it argues that this subsection does not apply if, at the time of the predicate convictions, the habitual offender's license was also suspended for some reason not covered in that subsection. See § 46.2-361(C). Also see *Greene v. Commonwealth*, Spotsylvania County Circuit Court # CL97-440 (Op. Ltr. dated Nov. 3, 1997)

Mr. Grimes was charged with speeding in Arkansas on March 11, 1995. On August 21, 1995, after being notified by Arkansas, DMV suspended Mr. Grimes' license under § 46.2-946 for failing to comply with the citation. He was eventually convicted of that speeding violation in Arkansas on March 28, 1996.

The evidence shows that Mr. Grimes now has paid the Arkansas fine and costs, as well as his outstanding fines and costs in Virginia. (Further, on July 11, 1998, he completed a DMV-mandated driving clinic.)

The court is of the opinion that the DMV suspension of Mr. Grimes' licence under § 46.2-946 resulted from his failure to pay fines and costs in Arkansas. Arkansas notified DMV, even before Mr. Grimes was convicted, that Mr. Grimes had "failed to comply with the terms of the citation." The terms of the citation with which Mr. Grimes failed to comply were, obviously, payment of fines and costs associated with that speeding citation.

Thus, at the time of the predicate convictions, *all* of Mr. Grimes' suspensions were the result of failure to pay fines and costs.

To hold otherwise would create an anomaly that the legislature surely did not intend: a person declared an habitual offender whose predicate offenses result from failure to pay fines and costs *in Virginia courts* would be eligible for immediate restoration upon proof that all outstanding fines and costs have been paid but if that person were under suspension for failure to pay an *out-of-state* citation, he would not be eligible for restoration even after he paid that fine and costs. The court declines to construe the statute in that fashion.

DMV also asks the court to exercise its discretion under § 46.2-361(D) to deny restoration even if it finds Mr. Grimes eligible for restoration, because of Mr. Grimes' less than exemplary driving record.

While acknowledging the many traffic violations on Mr. Grimes' record, the court will not deny restoration for that reason in this case. Since Mr. Grimes was declared an habitual offender almost two years ago, he has accumulated no more violations, he has paid thousands of dollars in fines and

costs, and he has attended a driving school to which he was assigned by DMV. The court will restore Mr. Grimes' license under § 46.2-361(B).